IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: | |
| JACQUELINE R. SHAVER, | Case No. 10-813 |
| Debtor. | Chapter 7 |
| MARTIN P. SHEEHAN, Trustee of the Bankruptcy Estate of Jacqueline R. Shaver, | |
| Plaintiff, | |
| v. | Adv. Proc. No. 13-2 |
| WESTSTAR MORTGAGE, INC., a Virginia Corporation, and BANK OF AMERICA, N.A., as successor by merger to BAC Home Loans Servicing, L.P., | |
| Defendants. | |

## MEMORANDUM OPINION

Bank of America, N.A. ("Bank of America") seeks summary judgment that the Plaintiff's cause of action for an alleged violation of the West Virginia Residential Mortgage Lender, Broker, and Servicer Act, W. Va. Code § 31-17-1, *et seq.* (the "Act") is barred by the applicable statute of limitations, which, in its view, runs from the date of the loan closing. The Plaintiff contends that the applicable statute of limitations does not bar his cause of action because, whether it be one or two years, it did not accrue so long as payments on the underlying note are due. In conjunction with his opposition to Bank of America's Motion for Summary Judgment, the Plaintiff asks this court to

1

certify this issue to the Supreme Court of Appeals of West Virginia ("WV Supreme Court").

For the reasons stated herein, the court will grant Bank of America's Motion for Summary Judgment and deny the Plaintiff's request for certification.

## I. BACKGROUND

On October 31, 2008, Jacqueline R. Shaver (the "Debtor") obtained a loan from WestStar for $154,150.00. On the same day, she also signed a Deed of Trust securing the loan with property she owned located at 12 Crestview Terrace. On April 12, 2010, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code, and the Plaintiff was appointed as the Chapter 7 trustee to administer the Debtor's Chapter 7 estate. According to the Plaintiff, the closing agent failed to provide the Debtor with signed copies of the documents she executed at closing. That purported failure forms the basis of the Plaintiff's cause of action to ultimately void the Deed of Trust securing repayment of the loan.

## II. APPLICABLE LAW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; Fed. R. Bankr. P. 7056. The moving party bears the burden of demonstrating that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Procedurally, a party seeking summary judgment must make a prima facie case by showing: 1) the apparent absence of any genuine dispute of material fact; and 2) movant's entitlement to judgment as a matter of law on the basis of undisputed facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. DISCUSSION

Here, there is no dispute as to the material facts, at least those pertinent to Bank of America's motion, because the Bank seeks summary judgment based upon the relevant statute of limitations. In its Motion for Summary Judgment, Bank of America asserts that the Plaintiff's cause of action, the complaint for which he filed January 14, 2013, is time barred because the applicable statute of limitations, whether it be one year or two, began to run on October 31, 2008, the loan closing date. In support of its motion, Bank of America relies upon *Fluharty v. Quicken Loans, Inc.*, Civil Action No. 5:13CV68, 2013 WL 5963060 (N.D.W. Va. Nov. 7, 2013), wherein U.S. District Court Judge

2

Frederick P. Stamp dismissed a cause of action identical to the one Plaintiff asserts here based upon it being time barred because the statute of limitations ran from the loan closing date, which he found to be the date of injury. The Plaintiff, relying on the WV Supreme Court's holding in *Snodgrass v. Sisson's Mobile Home Sales, Inc.*, 244 S.E.2d 321 (W. Va. 1978), asserts that the statute of limitations applicable to his cause of action does not begin to run until the date the last payment on the underlying loan becomes due because a violation of the Act that occurs at the loan closing — here, that the lender failed to give the Debtor signed copies of the documents she executed at closing — continues to injure the borrower throughout the life of the loan. He asserts that the district court wrongly decided *Fluharty*, and that this court should certify the issue to the WV Supreme Court.

The issue before the court is whether the statute of limitations applicable to the Plaintiff's cause of action bars relief — the precise issue analyzed by Judge Stamp in *Fluharty*, 2013 WL 5963060, at *3-4. In dismissing Count I of the plaintiff's complaint in *Fluharty*, which asserted a cause of action identical to that alleged here — a violation of W. Va. Code § 31-17-8(j)(6)[1] — Judge Stamp found that the statute of limitations on such an action runs from the date the loan closes. *Fluharty*, 2013 WL 5963060, at *4. In so finding, Judge Stamp noted that under West Virginia law, the statute of limitations generally runs from the date of injury. *Id.* at *3 (citing *Sattler v. Bailey*, 400 S.E.2d 220, 227 (W. Va. 1990). He was unpersuaded that the WV Supreme Court's analysis in *Snodgrass* — dealing specifically with the running of the statute of limitations on a cause of action based upon a West Virginia usury statute — should be extended to apply to a cause of action for a violation of § 31-17-8(j)(6); specifically because the violation of the Act under § 31-17-8(j)(6) occurred on the date the loan closed but did not continue throughout the life of the loan. *Id.* at *3-4. For the reasons stated by Judge Stamp in *Fluharty*, this court will grant Bank of America's Motion for Summary Judgment.

To the extent that the Plaintiff argues that public policy requires the court to extend the holding in *Snodgrass* to causes of action under the Act because the West Virginia Legislature ("the Legislature") intended to harmonize the Act with other consumer protection statutes like the West Virginia Consumer Credit Protection Act (the "WVCCPA") — an issue that was not explicitly

---

[1] This provision requires that "[a] borrower must be given a copy of every signed document executed by the borrower at the time of closing." W. Va. Code § 31-17-8(j)(6).

3

before the district court — the court is similarly unpersuaded. In support of his argument, the Plaintiff points to several cross references in the Act to provisions of the WVCCPA, including that "penalties and remedies embodied in [the Act] are not exclusive, but are cumulative with . . . the consumer protection laws in [the WVCCPA]." W. Va. Code § 31-17-18(b). Notably absent from the Act's numerous references to the WVCCPA, however, is a reference to the WVCCPA's statute of limitations found at W. Va. Code § 46A-5-101, which explicitly provides, in part, that certain actions to vindicate protections of the WVCCPA may be "brought [within] one year after the due date of the last scheduled payment of the agreement." W. Va. Code § 46A-5-101(1). Given the Act's numerous other references to the WVCCPA, the court finds that the Legislature, had it intended the statute of limitations applicable to the Plaintiff's claim under the Act to be similar to that in the WVCCPA, would have promulgated such a statute or made yet another reference to the WVCCPA. But it did not. The court therefore finds, as it must, that the Legislature did not intend for the same statute of limitations to apply to both cause of action under the Act and causes under other consumer protection statutes or at common law. *See Phillips v. Larry's Drive-In Pharmacy, Inc.*, 647 S.E.2d 920, 928 (W. Va. 2007) (applying the principle of statutory interpretation that the express mention of one thing implies the exclusion of another). Additionally, the WV Supreme Court's holding in *Snodgrass* — that the statute of limitations for causes of action based on West Virginia's usury statute runs from the date the last payment is due — does not apply to the facts that give rise to a cause of action for a violation of W. Va. Code § 31-17-8(j)(6). As Judge Stamp made clear in *Fluharty*, a borrower is continually injured during the life of a usurious contract through the continued payment of interest beyond the lawful amount. *See Fluharty*, 2013 WL 5963060 at *3. To the extent a lender injures a borrower by failing to provide the borrower with executed copies of the documents signed at the loan closing, in violation of § 31-17-8(j)(6), the court agrees with Judge Stamp's analysis that the violation of § 31-17-8(j)(6) does not continue to injure the borrower throughout the life of the loan such that the applicable statute of limitations runs from the loan closing date.

Regarding the Plaintiff's request that the court certify the issue to the WV Supreme Court, this court does not believe certification is appropriate given the persuasiveness of Judge Stamp's analysis in *Fluharty*. Generally, certification is only appropriate when the question to be certified

4

"may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the [WV Supreme Court]." *Morningstar v. Black and Decker Mtg. Co.*, 162 W. Va. 857, 861 (1979) (citing W. Va. Code § 51-1A-1). Although *Fluharty* is not controlling here, *see In re Lyondell Chemical Co.*, 503 B.R. 348, 374 n.127 (Bankr. S.D.N.Y. 2014), the court chooses to follow its holding — that the statute of limitations on a cause of action for a violation of W. Va. Code § 31-17-8(j)(6) runs from the loan closing date because that is when the alleged injury occurs — given its thoughtful analysis of the issue presented, the fact that it emanates from the United States District Court for the Northern District of West Virginia, the district in which this court sits, and because it is the only decision of which this court is aware regarding the statute of limitations applicable to Plaintiff's claim.

### III. CONCLUSION

Based upon Judge Stamp's cogent analysis in *Fluharty* and the additional observations made herein, the court finds that the statute of limitations applicable to a cause of action for a violation of W. Va. Code § 31-17-8(j)(6) runs from the loan closing date. Because the loan at issue here closed on October 31, 2008, the court finds that the Plaintiff's cause of action for a violation of § 31-17-8(j)(6) is time barred.

Consistent with Fed. R. Civ. P. 58(a), made applicable to this proceeding by Fed. R. Bankr. P. 7058, the court will enter a separate order granting Bank of America's Motion for Summary Judgment and dismissing the Plaintiff's complaint.